# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-CV-063-GCM-DCK

| | |
|---|---|
| **TIMOTHY JAMES PARHAM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 18) and "Defendant's Motion For Summary Judgment" (Document No. 22). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and this matter be remanded for further consideration.

## I. BACKGROUND

Plaintiff Timothy James Parham ("Plaintiff" or "Parham"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On May 18, 2012, Plaintiff filed application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning June 15, 2004.

(Transcript of the Record of Proceedings ("Tr.") 12). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 16, 2012, and again after reconsideration on October 10, 2012. (Tr. 12, 126-29, 130-33, 139-46, 147-56). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your mental condition is not severe enough to be considered disabling.
> Your mental condition was not severe enough prior to the end of your insured period to be considered disabling.
> You were able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> The evidence does not show a condition that would prevent most work-related activities. Therefore, based on all of the medical and non-medical evidence, we have decided that you were not disabled on or before coverage ended according to the Social Security Act.

(Tr. 139); see also (Tr. 147).

Plaintiff filed a timely written request for a hearing on December 9, 2012. (Tr. 12, 157-59). On October 21, 2013, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Marshall D. Riley ("ALJ"). (Tr. 12, 32-67). In addition, Kathleen H. Robbins, a vocational expert ("VE"), and Robert J. Lopez, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on November 6, 2013, denying Plaintiff's claim. (Tr. 9-31). On January 3, 2014, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on January 20, 2015. (Tr. 1-7). The November 6, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on March 20, 2015. (Document No. 1). On April 1, 2015, the undersigned was assigned to this case as the referral Magistrate Judge.

"Plaintiff's Motion For Summary Judgment" (Document No. 18) and "Plaintiff's Memorandum In Support…" (Document No. 18-1) were filed September 18, 2015; and "Defendant's Motion For Summary Judgment" (Document No. 22) and "Memorandum Of Law In Support…" (Document No. 23) were filed December 1, 2015. Plaintiff filed his "…Response To Defendant's Motion…" (Document No. 24) on December 18, 2015, simply reaffirming his arguments in his "…Memorandum In Support…" (Document No. 18-1).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability," as that term of art is defined for Social Security purposes, at any time between June 15, 2004, and March 31, 2008, Plaintiff's date last insured.[1] (Tr. 12). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity -
if yes, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 24).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 15, 2004, his alleged disability onset date. (Tr. 14). At the second step, the ALJ found that status-post partial nephrectomy of the right kidney, a history of recurrent urinary calculi, hypertension, thoracic and lumber spondylosis, polysubstance abuse, a personality disorder, and a provisional bipolar disorder were severe impairments.[2] (Tr. 14). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 15).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium activity, with the following limitations:

> Occasional climbing of ladders, ropes, or scaffolds, and occasional kneeling, crouching, and crawling. The claimant should avoid concentrated exposure to hazards (such as machinery, heights, etc.). The claimant can understand and remember short and simple instructions and maintain attention and concentration for two hours at a time in an eight-hour workday in relatively undemanding and stable work setting. The claimant can perform in work settings that do not require intensive interpersonal relating.

(Tr. 16). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a brick mason. (Tr. 23). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included auto detailer, dishwasher, and sandwich maker. (Tr. 24). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 15, 2004 and his date last insured, March 31, 2008. (Tr. 24).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in determining Plaintiff's RFC; (2) the ALJ erred in assessing Plaintiff's credibility; (3) the

ALJ erred in finding there were jobs in the national economy the Plaintiff could perform; (4) the ALJ did not apply the correct dates in making his disability determination; and (5) evidence proffered to the Appeals Council and to this Court warrants remand. (Document No. 18-1, pp. 3, 7).

In this case, the undersigned is persuaded that the ALJ's assessment of Plaintiff's RFC is incomplete based on the Fourth Circuit's recent decision in Mascio v. Colvin, 780 F.3d 632 (2015). Since the undersigned will recommend that there is sufficient cause for remand for an ALJ to clarify how the limitations in Plaintiff's RFC satisfy Mascio, the undersigned will decline to fully address Plaintiff's other assignments of error. See Burnham v. Colvin, 1:15cv226-FDW, 2016 WL 3456934, at *3 (W.D.N.C. June 21, 2016).

**Plaintiff's RFC**

In his first assignment of error, Plaintiff contends that the ALJ failed to assign him the appropriate RFC. (Document No. 18-1, pp. 8-21). In support of his argument, Plaintiff raises several issues, including an initial argument that the ALJ erred by failing to restrict Plaintiff to low stress non-production work. (Document No. 18-1, p. 8). Plaintiff cites an evaluation by Karen Marcus, Psy.D. ("Dr. Marcus") arguing that based on Dr. Marcus' medical statement, the ALJ should have included a limitation to "low stress non-production" work. Id. Plaintiff asserts that Dr. Marcus' opinion that he "is likely to do poorly with managing stress and have even more difficulties with managing prolonged stress," "would also imply the need for a non production work setting environment." Id. (citing Tr. 701-07).

In response, Defendant asserts that the ALJ considered Dr. Marcus' findings that Plaintiff would do poorly managing stress. (Document No. 23, p. 4) (citing Tr. 20). Defendant agrees that Dr. Marcus' opinion was given great weight by the ALJ, and argues that the ALJ included the

7

limitations recommended by Dr. Marcus in the RFC by limiting Plaintiff to "undemanding and stable work settings." Id. (citing Tr. 16, 22). Defendant acknowledges that the ALJ did not use the phrase "low stress non-production," but notes that neither did Dr. Marcus. Id.

The undersigned observes that the ALJ did explicitly state that he gave Dr. Marcus' opinion "great weight." (Tr. 22) (citing Tr. 701-07). The ALJ opined that Dr. Marcus' "conclusions are well supported by her thorough examination" and the limitations she set forth "are accommodated by the established residual functional capacity." Id.

While it may be that Plaintiff's apparent need for a low stress work environment does not necessarily "imply the need for a non-production work setting," the undersigned is concerned that the ALJ's analysis on this point "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)  Although Plaintiff does not explicitly articulate the alleged error as such, the undersigned finds that the crux of the argument here is that the ALJ did not properly account for Plaintiff's limitations in concentration, persistence, and pace – either in the hypotheticals to the VE, or in his analysis of Plaintiff's RFC. See (Tr. 15-16, 60-66). As such, it appears that the parties missed an important opportunity here by failing to apply the teachings of Mascio v. Colvin to the facts of this case.

The ALJ opined that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." (Tr. 15). Citing Dr. Marcus' opinion, the ALJ noted Plaintiff's difficulty paying attention, but concluded that he could "sustain focused attention and concentration sufficiently enough to permit the timely and appropriate completion of tasks commonly found in **short and simple, not detailed or complex, work tasks**." Id. (emphasis added). Then, in setting forth Plaintiff's RFC, the ALJ held that he could "understand and remember **short and simple**

8

**instructions** and maintain attention and concentration for two hours at a time in an eight-hour workday in **relatively undemanding and stable work settings**." (Tr. 16) (emphasis added).

In Mascio, the Fourth Circuit held that "the ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638. The Fourth Circuit ordered that the Mascio case be remanded, in part "because it found that moderate limitations in concentration, persistence, and pace are not adequately accommodated for in the RFC by only limiting the claimant to 'simple, routine tasks or unskilled work.'" Burnham, 2016 WL 3456934, at *2 (citing Mascio, 780 F.3d at 638).

In Burnham, Chief Judge Whitney went on to note that this Court "has affirmed, post-Mascio, the decisions of ALJs that limited plaintiff[s] to simple, routine, repetitive tasks at a 'nonproduction pace.'" Id. (citing Linares v. Colvin, 5:14cv120-GCM, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015)). See also Harrison v. Colvin, 5:15cv108-MOC, 2016 WL 3679294, at *6 (W.D.N.C. July 11, 2016) ("The majority of district courts in North Carolina, including this court, have repeatedly found in the wake of Mascio that RFC restrictions to 'simple, routine, repetitive tasks' do not adequately account for Plaintiff's limitations in concentration, persistence, and pace without sufficient accompanying analysis") (citations omitted); Ford v. Colvin, 2015 WL 5008962, at *3 (E.D.N.C. Aug. 19, 2015) ("the ALJ [adequately] accounted for Ford's pace through the "low production occupation' limitation"); and Jarek v. Colvin, 3:14cv620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) aff'd by 2016 WL 626566 (W.D.N.C. Feb. 16, 2016) (moderate difficulty with pace adequately addressed by ALJ "limitation to simple, routine, repetitive tasks *not at an assembly line pace*").

Here, neither Dr. Marcus, the VE, nor the ALJ, seem to have directly addressed what, if any, limitations in pace should be applied to Plaintiff. Without more explanation from the ALJ, it

9

is unclear whether Plaintiff's moderate difficulties with pace mean he should be restricted to work at a nonproduction pace. To the extent the ALJ has attempted to address Plaintiff's difficulties by limiting him to short and simple instructions or tasks, his decision is inadequate. See Mascio, 780 F.3d at 638.

Although the ALJ prescribes "relatively undemanding and stable work settings," the undersigned is not persuaded that the RFC adequately accounts for Plaintiff's difficulty with pace. Moreover, it is questionable whether the potential occupations of auto detailer, dishwasher, and/or sandwich maker adequately account for Plaintiff's difficulties, or are sufficiently "undemanding." It seems likely that in many instances such occupations require a demanding and/or production pace.

Based on the foregoing, and consistent with the Mascio, the undersigned finds that the ALJ's assessment is incomplete and this matter should be remanded for further consideration.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 18) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 22) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and

Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 8, 2016

David C. Keesler
United States Magistrate Judge